# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**JERRY L. BROOM**                                                                          **PLAINTIFF**

**VS.**                                      **CIVIL ACTION NO. 2:09cv23-KS-MTP**

**U-N-US TRUCKING, ET AL.**                                               **DEFENDANTS**

## ORDER ON MOTION TO WITHDRAW
## AND SETTING CASE MANAGEMENT CONFERENCE

This matter is before the court on the Motion to Withdraw as Attorney [53] filed by Lee B. Rowell, Jr., one of the attorneys for U-N-US Trucking, Inc., and the Motion for Time [56] to Retain New Moeller counsel and for the Scheduling Order deadlines to be extended filed by U-N-US Trucking, Inc. Having considered the submissions of the parties and the applicable law, the court finds that the Mr. Rowell's Motion to Withdraw [53] should be GRANTED and that U-N-US's Motion for Time [56] should be GRANTED in part and DENIED in part.

Lee B. Rowell, Jr. seeks leave to withdraw as counsel for Defendant/Counter-Claimant U-N-US Trucking, Inc. In support of his motion, Mr. Rowell states that he has serious medical problems resulting from heart surgery complications and that he will be unable to effectively represent his client while undergoing his prescribed medical treatment as set forth in his Motion [53].

In his Objection [54] to Mr. Rowell's Motion to Withdraw, Plaintiff/Counter-Defendant Jerry L. Broom does not dispute that Mr. Rowell has set forth a sufficient basis for permitting his withdrawal as counsel in this case. However, Mr. Broom urges that the counterclaim of U-N-US is frivolous, lacks merit, is vexatious and is otherwise asserted to multiply these proceedings

unnecessarily. Mr. Broom further argues that the counterclaim violates Fed. R. Civ. P. 11 and 28 U.S.C. §1927, and states that he will seek all relief to which he is entitled. Mr. Broom claims that Mr. Rowell is responsible for the claims and pleadings asserted in this action pursuant to the Federal Rules of Civil Procedure and applicable statutes governing the conduct of counsel in litigation, and that allowing him to withdraw before U-N-US has obtained substitute counsel that will accept full responsibility for the claims asserted by U-N-US would be premature.

In the Motion [55] filed by Douglas Bagwell, counsel for U-N-US Trucking, Inc.'s insurance carrier, Mr. Bagwell states that U-N-US does not have any objection to Lee Rowell's Motion to Withdraw, but requests the court to allow U-N-US Trucking, Inc. forty-five (45) days additional time to replace Mr. Rowell. The Motion [55] also seeks an extension on the existing case deadlines.

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989); *see also* Uniform U.S. Dist. Ct. Rules D. Miss. 83.1(B)(3) ("When an attorney enters an appearance in a civil action, he or she shall remain as counsel of record until released by formal order of the court. An attorney may be released only on motion duly noticed to all parties, including the client, and presented to the district judge or magistrate judge to whom the case is assigned, together with a proposed order authorizing counsel's withdrawal."). The determination of whether to grant an attorney's motion to withdraw is a "matter entrusted to the sound discretion of the court and will be overturned on appeal only for an abuse of that discretion." *In re Wynn*, 889 F.2d at 646 (quoting *Streetman v. Lynaugh*, 674 F. Supp. 229, 234 (E.D. Tex.1987)).

The court concludes that Mr. Rowell's Motion [53] demonstrates apparent good cause for the proposed withdrawal. Additionally, the record is clear that U-N-US Trucking, Inc. has been

notified of the motion, and does not object to the withdrawal. Accordingly, the court finds that the Motion [53] should be granted and Mr. Rowell will be granted leave to withdraw. However, to address the concerns of Mr. Broom, although Mr. Rowell will be relieved of any duty to provide further representation to U-N-US Trucking in this action, he remains responsible for all pleadings he has filed up to this point. *See Abney v. State Farm Fire and Cas. Co.*, No. 1:07CV711 LTS-RHW, 2008 WL 2331098, at *1 (S.D. Miss. Jun. 4, 2008) (citing *Wyssbrod v. Wittjen*, 798 So.2d 352, (Miss. 2001)) ("Sanctions may be imposed upon attorneys following withdrawal as counsel with respect to matters that occur during the course of their representation.").[1] Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED:

1. That Lee B. Rowell Jr.'s Motion to Withdraw as Attorney [53] is GRANTED. Lee B. Rowell, Jr. is granted leave to withdraw as counsel for U-N-US Trucking, Inc.

2. That U-N-US's Motion for Time [56] is GRANTED in part and DENIED in part. U-N-US is granted an extension of time until November 12, 2009, to retain new Moeller counsel.

3. U-N-US's request to extend the case deadlines is granted. A telephonic case status conference is hereby set for November 17, 2009, at 10:00 a.m. The court will set new case deadlines during the conference as appropriate. Douglas Bagwell, counsel for U-N-US Trucking, Inc., shall be responsible for initiating the conference call and shall contact the undersigned's chambers (601.544.9100) when all parties are connected.

---

[1] The court in no way makes any determination as to whether Mr. Broom's allegations that the counterclaim is in violation of Rule 11 and/or 28 U.S.C. §1927 are meritorious.

SO ORDERED this the 16th day of October, 2009.

s/ Michael T. Parker<br>United States Magistrate Judge